**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No.: 12-cv-3977 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| MARIE B. MASTROMONICA, el als. | |
| Defendants. | |

SHERIDAN, U.S.D.J.

This matter is before the Court on two motions. The first is a motion for judgment of foreclosure and writ of execution brought by Plaintiff, United States of America (ECF 16). The second is a motion to vacate default and for leave to file an answer brought by Defendant, Carole Couch (ECF 17).

The real property that is in controversy is located on Cherryvale Court, Toms River, New Jersey (Mortgaged Property). Title to the Mortgaged Property was vested in Dominick A. Mastromonica and Maria R. Mastromonica, husband and wife (mortgagors). The mortgage was a reverse mortgage wherein the maximum amount to be loaned was $360,000.00. The mortgagors died, and the mortgage became due. Defendant Carole Couch is the daughter of the mortgagors.

Carole Couch asserts two reasons why Plaintiff's motion should be denied and her motion to vacate granted. First, Ms. Couch states that she was never personally served with the summons and complaint. Secondly, at the time of the closing of the mortgage, she was orally advised by an agent of the Department of Housing and Urban Development (HUD) that she could reside in the Mortgaged Property after the mortgagors died. Ms. Couch does not disclose the name, title or address of this agent, nor the circumstances under which the alleged representation was made. Ms. Couch also suffers with breast

cancer, but she has not provided any written support of the diagnosis or treatment for same.

In order to better acquaint the Court with Ms. Couch's allegations and defenses, the Court scheduled oral argument for December 9, 2013. Ms. Couch did not appear for oral argument on that date nor otherwise communicate with the Court.

I.

As stated above, Ms. Couch claims that service of the summons and complaint was defective, and as such, default against her should be vacated and she should be permitted to file an answer to the complaint. Despite her contention that she was never served with the summons and complaint, many attempts at service were made. New Jersey Legal Process Service, LLC attempted service upon Ms. Couch in July, 2012. According to Ms. Carlucci, a process server, service was initially attempted at two locations – one attempt in Newark, New Jersey; and the second attempt was at the Mortgaged Property. The Newark location was "abandoned and vacant." The Mortgaged Property could not be accessed as it was within a "secured gated community" and the guard denied Ms. Carlucci entry to the community. Such denials occurred three times. On or about March 19, 2013, the United States Marshals office also attempted service at the Mortgaged Property. According to Marshal Mike Schroeder, service was attempted several times, and he was permitted access to the community, but noted that Mortgaged Property was "dark but [there were] indications that at some point it was occupied." (Certification of Frank Martone, Esq., Exhibit E). Despite the efforts of the U.S. Marshals Service and other process servers, all attempts to effectuate service were unsuccessful. In November, 2012, service was attempted by regular and certified mail. The certified mail was returned without delivery; but the regular mail was not returned. Thereafter, the Court permitted alternate service by publication, and Ms. Couch responded to Plaintiff's motion as a result of same.

Under the Rules of Civil Procedure, a party must be personally served by a Marshal or a person appointed by the Court. Fed. R. Civ. P. 4(c)(3). As detailed above, personal service did not occur despite numerous attempts by Plaintiff. As such, court rules permit service by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1). New Jersey Court Rules permit service through the issuance of a court order authorizing an alternate procedure such as publication. N.J.S.A. 4:4-4(b)(3). Here, service was made by regular mail through the U.S. Postal Service and Plaintiff was also required to serve by publication to ensure notice to Ms. Couch. The Court finds these two methods of service were reasonable under the circumstances, and appropriate under the court rules.

II.

Ms. Couch also argues that a HUD agent made representations that she could not be evicted or foreclosed upon after the death of her parents, and that she had a life estate in the Mortgaged Property after her parents died. Her certification reads:

> In 2003 I was approached by a sales person for the Housing and Urban Development (HUD) who was selling "reverse mortgages" to various elderly individuals in the Toms River community. Both of my parents were elderly and ill and required constant care. The proceeds of the "reverse mortgage" were used by me to pay for their care and treatment through their deaths. I was also a resident in the real property in Toms River (the "Property") that the United States seeks to foreclose upon, sell and thereby put me out on the street.
>
> I executed the mortgage and note underlying the reverse mortgage sought to be foreclosed in this action as the attorney-in-fact for my parents, pursuant to a filed durable power of attorney.
>
> The sales person for HUD represented to me that I could not be evicted from the Property even if my parents died and I relied on this representation to my detriment.

There are certain provisions within the mortgage that are at odds with Ms. Couch's defenses. As part of the terms of the reverse mortgage, the Mastromonicas agreed that the Mortgaged Property was their principal residence and that it shall be their principal

residence during the term of the mortgage. (Certification of Frank Martone, Esq., Exhibit D). Moreover, the mortgage declared that if the Mortgaged Property is subject to certain leases or life estates, then the mortgage is in default and all monies due accelerate (see provision 9 of the Mortgage).

Ms. Couch's statement is subject to the Parol Evidence Rule. The Parol Evidence Rule is a "substantive rule of law that prohibits the admission of evidence of contemporaneous oral agreements or prior written agreements whose effect is to add to, vary, modify or contradict the terms of a writing which the parties intended to be final, complete and exclusive statement of their agreement." 11 Williston on Contracts § 33:1, p. 862 (2012). Generally, the Parol Evidence Rule applies to real estate. It is a hornbook law that a mortgage must be reasonably certain within its own language or by reference to certain documents, and enforceability may not rest on parole evidence. Powell on Real Property § 81A, 05 [1][111]. Here, Ms. Couch's reliance upon a statement by a HUD agent lacks merit, and the Parol Evidence Rule bars the statement. The alleged oral representation by an unknown person is not sufficient to open up the mortgage and require a trial.

Generally, a court will set aside default judgment if good cause is show. Fed. R. Civ. P. 55(c). When exercising its discretion, the court considers whether Plaintiff is prejudiced, the defendant has a meritorious defense, and whether default was the result of defendant's culpable conduct. *Medunic v. Louis W. Lederer*, 533 F. 2d 891, 893-95 (3d Cir. 1987); *Gold Kist, Inc. v. Laurenburg Oil Co.*, 756 F. 2d 14, 19 (3d Cir. 1985). As noted above, none of these factors has been shown, and due to Ms. Couch's failure to appear for oral argument or otherwise communicate with the Court to supplement her allegations, the Court finds that her defense lacks merit.

In short, the Court grants to government's motion for judgment of foreclosure, and denies Ms. Couch's motion to set aside default.

Complicating the matter is that Ms. Couch avers that she is enduring metastatic breast cancer and is undergoing chemotherapy. Mindful of this, the Court finds it reasonable to allow Ms. Couch six months to vacate the Mortgaged Property.

ORDER

This matter having been brought before the Court on a motion for judgment of foreclosure, including a writ of execution brought by Plaintiff, United States of America (ECF 16); and a motion to vacate default and for leave to file an answer brought by Defendant, Carole Couch (ECF 17); for the reasons set forth above;

IT IS on this 15th day of January, 2014

ORDERED that the motion for foreclosure and a writ of execution is granted so long as the foreclosure and writ of execution occur after July 15, 2014; and this is further

ORDERED that the motion to vacate default and for leave to file an answer is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J

.

.